**BAKER & HOSTETLER LLP**
Paul Karlsgodt (*pro hac forthcoming*)
Jason A. Orr (SBN 301764)
pkarlsgodt@bakerlaw.com
jorr@bakerlaw.com
1801 California Street, Suite 4400
Denver, CO 80202
Telephone:     303.861.0600
Facsimile:     303.861.7805

Chardaie C. Charlemagne (SBN 352718)
ccharlemagne@bakerlaw.com
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone:     415.659.2600
Facsimile:     415.659.2601

*Attorneys for Defendant Sovrn Holdings, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL SELBY, SUNGIL HONG, LAURA BONETTI, JANE DOE, and KIRSTIE SEMIEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOVRN HOLDINGS, INC.,<br><br>Defendant. | Case No.: 3:25-cv-03139-RFL<br><br>*[Assigned to Hon. Rita F. Lin]*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SOVRN HOLDINGS, INC.'S MOTION TO TRANSFER OR, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT**<br><br>*[Filed Concurrently with Declaration of Walter Knapp]*<br><br>**Date**:     August 19, 2025<br>**Time**:     10:00 a.m.<br>**Dept.**:     Courtroom 15, 18th Floor<br><br>**Complaint Filed**: April 7, 2025 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
DENVER

i

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT** on, August 19, 2025, at 10:00 a.m., in Courtroom 15 of the U.S. District Court for the Northern District of California located on the 18th Floor of the San Francisco Courthouse, at 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Sovrn Holdings Inc. ("Sovrn"), will and hereby does bring this Motion to Transfer Venue or in the alternative to Dismiss with prejudice the Class Action Complaint ("Complaint") of Plaintiffs Michael Selby, Sungil Hong, Laura Bonetti, Jane Doe, and Kirstie Semien ("Complaint" and "Plaintiffs"), filed individually and on behalf of others similarly situated.

Sovrn respectfully submits this Motion pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3), or in the alternative, transferring all further proceedings to the United States District Court for the District of Colorado under 28 U.S.C. § 1406(a) or § 1404(a). Specifically, the Court should dismiss Plaintiffs' Complaint because Plaintiffs have not alleged sufficient facts that would show any intrusion into seclusion, or violation of the California Invasion of Privacy Act (CIPA) or the federal Electronic Communications Privacy Act (ECPA), or any unjust enrichment of Sovrn. Moreover, venue is improper, or alternatively, it "makes the most practical sense in terms of easing burdens and costs at the pre-trial and trial stages" to litigate this case in the District of Colorado.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities and evidence cited therein, the concurrently-filed Declaration of Walter Knapp, and all pleadings, papers and records on file in this Action, and such other oral argument and documentary evidence as may be presented at or before the time of adjudication of this Motion.

Dated: July 7, 2025

**BAKER & HOSTETLER LLP**
*/s/ Jason A. Orr*
Jason A. Orr

Paul Karlsgodt
Chardaie C. Charlemagne
*Attorneys for Defendant*

1

## <u>TABLE OF CONTENTS</u>

2    I.    Introduction ........................................................................................... 1

3    II.    Background ........................................................................................... 1

4    III.    ISSUES TO BE DECIDED .................................................................. 2

5    IV.    Legal Standards .................................................................................... 2

6          A.    Rule 12(b)(3) .............................................................................. 2

7          B.    28 U.S.C. § 1406(a) and 1404(a) .............................................. 2

8          C.    Rule 12(b)(6) .............................................................................. 3

9    V.    Legal Argument .................................................................................... 4

10          A.    The Action Should Be Dismissed or Transferred Because Venue is Improper Under Section 1406(a) .................................................................... 4

11
          B.    Alternatively, The Action Should be Transferred to the District of Colorado
12                for the Convenience of Parties and Witnesses and in the Interest of Justice ......... 4

13                1.    This Action Could Have Been Brought in Colorado ...................... 5

14                2.    When Considered as a Whole the Relevant Public and Private Factors
                        Weigh Heavily in Favor Transfer to the District of Colorado ................... 5

15
                        a.    Convenience to the Witnesses is Best Served by Transferring
16                              the Action to the District of Colorado ............................................. 6

17                        b.    Plaintiffs' Choice of Forum Is Entitled to Little or No Weight ....... 7

18                        c.    The Differences in the Cost of Litigation in the Two Forums
19                              Favors Transfer ..................................................................................... 8

20                        d.    The Ease of Access to Sources of Proof Heavily Favors
                              Transfer ................................................................................................. 9

21                        e.    The Relative Court Congestion and Time of Trial in Each
22                              Forum Weighs in Favor of Transfer ................................................... 9

23                        f.    The Remaining Factors Are Neutral or Favor Transfer ................. 9

24          C.    Plaintiffs Fail to State a Claim Upon Which Relief Can Be Granted ................... 10

25                1.    Plaintiffs Allege No Intrusion Upon Seclusion ............................ 11

26                2.    Plaintiffs Lack Statutory Standing Under CIPA .......................... 12

27                3.    Plaintiffs' CIPA Eavesdropping Claim Fails ............................... 12

28                4.    Plaintiffs' CIPA Pen Register/Trap and Trace Device Claim Fails .......... 13

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.   Plaintiffs' Claim under the ECPA Fails ........................................................ 14

6.   Plaintiffs Do Not Allege Unjust Enrichment ............................................. 15

VI.   Conclusion ......................................................................................................... 15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................ 11

*Augustine v. Great Wolf Resorts, Inc.*,
    2024 WL 3450967 (S.D. Cal. July 18, 2024) ................................................ 20, 21

*Aviles v. Liveramp, Inc.*,
    2025 WL 487196 (L.A. Super. Ct. Feb. 4, 2025) .............................................. 21

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................ 11

*Bride v. Snap Inc.*,
    2021 WL 3493662 (N.D. Cal. Aug. 9, 2021) ...................................................... 17

*Brown v. Newsom*,
    2024 WL 2853978 (N.D. Cal. May 1, 2024) ...................................................... 14

*Burtch v. Milberg Factors, Inc.*,
    662 F.3d 212 (3d Cir. 2011) .................................................................................. 22

*Chorostecki v. Blinken*,
    No. 2:24-CV-01240, 742 F. Supp. 3d 1078 (C.D. Cal. 2024) .......................... 12

*Coleman v. Mallinckrodt Enterprises LLC*,
    2019 WL 1779574 (N.D. Cal. Apr. 23, 2019) .................................................... 17

*D'Angelo v. FCA US LLC*,
    726 F. Supp. 3d 1179 (S.D. Cal. 2024) .............................................................. 20

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ................................................................................................ 13

*Doe 1 v. AOL LLC*,
    552 F.3d 1077 (9th Cir.2009) (per curiam) ........................................................ 10

*Doe v. Meta Platforms, Inc.*,
    690 F. Supp. 3d 1064 (N.D. Cal. 2023) .............................................................. 19

*Easton v. Wells Fargo & Co.*,
    2020 WL 3639934 (N.D. Cal. July 6, 2020) ...................................................... 14

*ESG Cap. Partners, LP v. Stratos*,
    828 F.3d 1023 (9th Cir. 2016) .............................................................................. 23

v

*In re Facebook Internet Tracking Litig.*,
    263 F. Supp. 3d 836 (N.D. Cal. 2017) ................................................................. 22

*In re Ford Tailgate Litig.*,
    2014 WL 1007066 (N.D. Cal. Mar. 12, 2014) .................................................... 23

*Foster v. Nationwide Mut. Ins. Co.*,
    2007 WL 4410408 (N.D. Cal. Dec. 14, 2007) .................................................... 15

*Gates v. Learjet Corp. v. Jensen*,
    743 F.2d 1325 (9th Cir. 1984) ............................................................................ 17

*Gherebi v. Bush*,
    352 F.3d 1278 (9th Cir. 2003) ............................................................................ 14

*In re Google, Inc. Privacy Pol'y Litig.*,
    58 F.Supp.3d 968 (N.D. Cal. 2014) .................................................................... 19

*Hatch v. Reliance Ins. Co.*,
    758 F.2d 409 (9th Cir. 1985) ....................................................................... 11, 12

*Hawkins v. Gerber Prod. Co.*,
    924 F. Supp. 2d 1208 (S.D. Cal. 2013) .............................................................. 14

*Heeger v. Facebook, Inc.*,
    509 F. Supp. 3d 1182 (N.D. Cal. 2020) ............................................................. 23

*Heiting v. FKA Dist'g Co.*,
    2025 WL 736594 (C.D. Cal. Feb. 3, 2025) ....................................................... 20

*Heiting v. Taro Pharma. USA, Inc.*,
    2024 WL 1626114 (C.D. Cal. Apr. 2, 2024) ..................................................... 21

*Hernandez v. Hillsides, Inc.*
    47 Cal.4th 272 (2009) ......................................................................................... 19

*Huntsman v. Sw. Airlines Co.*,
    2019 WL 3254212 (N.D. Cal. July 19, 2019) .................................................... 18

*In re iPhone Application Litig.*,
    844 F.Supp.2d 1040 (N.D. Cal. 2012) ............................................................... 19

*Johnson v. Siemens Indus., Inc.*,
    2023 WL 4686015 (N.D. Cal. July 21, 2023) .............................................. 15, 16

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) .............................................................................. 11

*Katz-Lacabe v. Oracle Am., Inc.*,
    668 F. Supp. 3d 928 (N.D. Cal. 2023) ............................................................... 23

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Kelley v. AW Distrib., Inc.*,
  2021 WL 5414295 (N.D. Cal. Jan. 12, 2021) ........................................................... 13

*LaCross v. Knight Transportation, Inc.*,
  95 F. Supp. 3d 1199 (C.D. Cal. 2015) (Bernal, J.) ................................................. 18

*Licea v. American Eagle Outfitters, Inc.*,
  659 F. Supp. 3d 1072 (C.D. Cal. 2023) .................................................................... 21

*Licea v. Cinmar, LLC*,
  659 F. Supp. 3d 1096 (C.D. Cal. 2023) .................................................................... 21

*Licea v. Hickory Farms LLC*,
  2024 WL 1698147 (L.A. Super. Ct. Mar. 13, 2024) ................................................ 21

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*,
  89 F.R.D. 497 (C.D. Cal. 1981) ................................................................................ 11

*Low v. LinkedIn Corp.*,
  900 F.Supp.2d 1010 (N.D. Cal. 2012) ...................................................................... 19

*Luna v. Wal-Mart Transportation, LLC*,
  2018 WL 3569357 (C.D. Cal. July 11, 2018) ........................................................... 16

*Marshall v. Monster Bev. Corp*,
  No. 14-cv-02203-JD, 2014 WL 3870290 (N.D. Cal. Aug. 6, 2014) .................... 13, 17

*Metz v. U.S. Life Ins. Co. in N.Y.*,
  674 F. Supp. 2d 1141 (C.D. Cal. 2009) (Otero, J.) .................................................. 16

*Meza v. Procter & Gamble Co.*,
  2023 WL 3267861 (C.D. Cal. Apr. 27, 2023) ........................................................... 18

*Mina v. Red Robin Int'l, Inc.*,
  2020 WL 4037163 (C.D. Cal. Mar. 3, 2020) ............................................................ 16

*Monastiero v. appMobi, Inc.*,
  15 F. Supp. 3d 956 (N.D. Cal. 2014) ........................................................................ 10

*Pac. Car & Foundry Co. v. Pence*,
  403 F.2d 949 (9th Cir.1968) ...................................................................................... 16

*Piedmont Label Co. v. Sun Garden Packing Co.*,
  598 F.2d 491 (9th Cir. 1979) ..................................................................................... 10

*Reynolds v. Centimark Corp.*,
  2012 WL 5914870 (W.D. Wash. Nov. 16, 2012) ..................................................... 14

*Rodriguez v. Autotrader.com, Inc.*,
  762 F. Supp. 3d 921 (C.D. Cal. 2025) ...................................................................... 20

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Roe v. Intellicorp Records, Inc.*,
    2012 WL 3727323 (N.D. Cal. Aug. 27, 2012) .......................................................................... 15

*Roling v. E*Trade Sec.*,
    LLC, 756 F.Supp.2d 1179 (N.D. Cal. 2010) ......................................................................... 15

*Sanchez v. Cars.com*,
    2025 WL 487194 (L.A. Super. Ct. Jan. 27, 2025) ............................................................ 21, 22

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988) ............................................................................................................... 11

*Stone v. U.S. Sec. Assocs., Inc.*,
    2015 WL 2438029 (N.D. Cal. May 21, 2015) ...................................................................... 15

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ............................................................................................................. 11

*Villano v. Shashamane Grp., LLC*,
    2024 WL 40181 (C.D. Cal. Jan. 3, 2024) ............................................................................ 10

*Vuori v. Grasshopper Cap. LLC*,
    2018 WL 1014633 (N.D. Cal. Feb. 22, 2018) ................................................................. 17, 18

*Williams v. Bowman*,
    157 F. Supp. 2d 1103 (N.D. Cal. 2001) ............................................................................... 14

*In re Zynga Privacy Litig.*,
    750 F.3d 1098 (9th Cir. 2014) .............................................................................................. 22

**Statutes**

28 U.S.C. §§ 1332(d) ............................................................................................................... 13

28 U.S.C. § 1391 ...................................................................................................................... 12

28 U.S.C. § 1391(b)(2) ............................................................................................................. 12

28 U.S.C. § 1404(a) ............................................................................................................ *passim*

28 U.S.C. § 1406(a) .......................................................................................................... 1, 10, 12

28 U.S.C. § 1406(a) and 1404(a) ............................................................................................. 10

CAFA ........................................................................................................................................ 13

Cal. Penal Code § 637.2 .......................................................................................................... 20

Cal. Penal Code § 638.51 ........................................................................................................ 21

CIPA ........................................................................................................................... 20, 21, 22

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CIPA § 631(a) ............................................................................................................ 20

CIPA section 638.52 .................................................................................................. 22

Class Action Fairness Act ......................................................................................... 13

ECPA ......................................................................................................................... 22

federal Electronic Communications Privacy Act (ECPA) ................................... 1, 9

federal Pen Register Act ............................................................................................ 22

Privacy Act .............................................................................................................. 1, 9

**Other Authorities**

AliExpress, CrunchBase, https://www.crunchbase.com/organization/aliexpress ........................ 15

Assembly Bill 929 [in 2015—after the Internet and web tracking technology was developed] ............................................................................................................ 22

California Constitution .............................................................................................. 19

Conde Nast, https://advertising.condenast.com/brands/bon-appetit ............................ 15

Federal Rule of Civil Procedure 12(b)(6) .................................................. 9, 10, 11, 18

*Hon. Rita F. Lin* .......................................................................................................... 0

*Investor Relations*, Buzzfeed, https://www.bzfd.com/ir-resources/investor-faqs ........................ 15

MindBloom, CB Insights, https://www.cbinsights.com/company/mindbloom-inc ..................... 15

226–27. Only "Jane Doe" .......................................................................................... 19

Rule 12(b)(3) ....................................................................................................... 10, 12

Rules 12(b)(1), 12(b)(2), 12(b)(3) ............................................................................. 1

U.S. Dist. Courts—Combined Civ. & Crim. Fed. Ct. Mgmt. Statistics, https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile033 1.2025. pdf (last visited June 30, 2025) .................................................................. 17

Zillow Group, https://www.zillowgroup.com/government-and-civil-information-requests ........................................................................................................................ 15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
DENVER

## I.    **INTRODUCTION**

Plaintiffs allege that Sovrn Holdings Inc. ("Sovrn") unlawfully collected their data while they visited various websites, through the use of a website pixel developed by Sovrn that those websites embedded into their sites. Sovrn is an advertising technology provider referred to as a Supply Side Platform ("SSP") based in Colorado.

Plaintiffs filed their Complaint in California, but the proper venue for this action is in Colorado. That is where Sovrn is located, that is where the alleged claim took place, and that is where the bulk of the evidence and witnesses are located. Venue is improper in this District, and regardless this Court has ample grounds to transfer the action to the U.S. District Court for the District of Colorado for the convenience of parties and witnesses and in the interest of justice.

Should this Court retain venue, it should nevertheless dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have not alleged sufficient facts that would show any intrusion into seclusion, or violation of the California Invasion of Privacy Act (CIPA) or the federal Electronic Communications Privacy Act (ECPA), or any unjust enrichment of Sovrn.

This Court should dismiss this action for improper venue or, alternatively, transfer the action to the District of Colorado. Should it retain venue, it should dismiss the Complaint for failure to state a claim upon which relief can be granted.

## II.    **BACKGROUND**

Sovrn is an advertising technology provider referred to as a SSP that is based in Boulder, Colorado. Compl. ¶ 9. SSP's collect certain information about consumers, organize and analyze that information in the aggregate, and provide insights about that data to companies so they can tailor their products, content, and advertising to consumers. SSP's play an integral role in a burgeoning digital economy. Plaintiffs' allegations center around the "Lijit Pixel," a snippet of code that allegedly collects information about website visitors' devices and sends that information through the advertising ecosystem, including to Sovrn. Compl. ¶¶ 54–55. The majority of Sovrn's executives, employees, personnel, offices, and operations are located in Colorado. Declaration of Walter Knapp ("Knapp Decl.") ¶ 3. The Lijit Pixel was developed in Colorado, and it is operated and implemented by Sovrn's teams in Colorado. *Id.* ¶ 4.

Plaintiffs allege that they visited various websites—Buzzfeed, Bon Appetit, MindBloom, Zillow, and AliExpress—that embedded the Lijit Pixel in their website code as a means of collecting information about website visitors. *See* Compl. ¶¶ 54–55. Plaintiffs allege the Lijit Pixel is part of Sovrn's "massive web of online tracking technologies," *id.* ¶ 53, and allege that the information Sovrn receives through the Lijit Pixel somehow allows Sovrn to "deanonymize" them and construct "profiles" of them that it sells to its clients. *Id.* ¶ 185–86. Plaintiffs allege that Sovrn's conduct has resulted in them receiving "hyper-targeting advertising." *Id.* ¶ 189. They do not allege they have suffered any monetary harm, or any concrete harm apart from a violation of their privacy.

## III.  ISSUES TO BE DECIDED

1.  Is venue proper in the Northern District of California?

2.  Should the action be transferred to the District of Colorado?

3.  Have Plaintiffs satisfied the Rule 12(b)(6) standard for each of their claims?

## IV.  LEGAL STANDARDS

### A.  Rule 12(b)(3)

Rule 12(b)(3) allows a party to move to dismiss a case for "improper venue." Fed. R. Civ. P. 12(b)(3). Where "venue is improper . . . the case *must be dismissed or transferred.*" *Monastiero v. appMobi, Inc.*, 15 F. Supp. 3d 956, 964 (N.D. Cal. 2014) (citing *Atl. Marine Const. Co., Inc.. v. U.S. Dist. Ct. for Wester Dist. of Texas*, 571 U.S. 49, 56 (2013)) (emph. added). The plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In ruling on a 12(b)(3) motion, the district court need not accept the allegations in the complaint as true, and facts outside the pleadings may be considered. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir.2009) (per curiam).

### B.  28 U.S.C. § 1406(a) and 1404(a)

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "If venue is improper and the defendant makes a timely objection, transfer or dismissal is mandatory." *Villano v. Shashamane Grp., LLC*, 2024 WL 40181, at *6 (C.D. Cal. Jan. 3, 2024). Alternatively, the court may transfer

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

1    an action to another district "for the convenience of parties and witnesses [and] in the interest of

2    justice." 28 U.S.C. § 1404(a). Courts routinely make Section 1404(a) transfers "to prevent the waste

3    'of time, energy and money,' and 'to protect litigants, witnesses and the public against unnecessary

4    inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). In evaluating

5    transfer under Section 1404(a), courts consider (1) whether "the district court is one where the

6    action might have been brought"; and (2) whether "the convenience of parties and witnesses in the

7    interest of justice favors transfer." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

8    The Court should evaluate a motion to transfer on an "individualized, case-by-case consideration

9    of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

10    When evaluating § 1404(a) convenience transfers, courts consider the convenience of

11    parties, the convenience of the witnesses, and the interests of justice. *Los Angeles Mem'l Coliseum*

12    *Comm'n v. Nat'l Football League,* 89 F.R.D. 497, 499 (C.D. Cal. 1981). In analyzing the interests

13    of justice, a number of factors may be relevant, including: (1) where the relevant agreements were

14    negotiated and executed; (2) the state most familiar with the governing law; (3) plaintiff's choice

15    of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the

16    plaintiff's cause of action in the chosen forum; (6) the differences in the cost of litigation in the two

17    forums; (8) the availability of compulsory process to compel attendance of unwilling non-party

18    witnesses; (9) the ease of access to sources of proof; and (10) the presence of a forum-selection

19    clause. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

20    **C.    Rule 12(b)(6)**

21    Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true,

22    'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

23    (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for

24    more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Factual allegations must

25    be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555–56.

26    "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

27    do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

28    ///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## V.    **LEGAL ARGUMENT**

2

### A.    **The Action Should Be Dismissed or Transferred Because Venue is Improper Under Section 1406(a)**

3

4    The Court should dismiss this action for improper venue pursuant to Federal Rule of Civil

5    Procedure 12(b)(3). When venue is improper, the court "shall dismiss, or if it be in the interest of

6    justice, transfer such a case to any district or division in which it could have been brought." 28

7    U.S.C. § 1406(a). The question of whether venue is "wrong" or "improper" is governed by 28

8    U.S.C. § 1391. *Chorostecki v. Blinken*, No. 2:24-CV-01240, 742 F. Supp. 3d 1078, 1080 (C.D. Cal.

9    2024). Section 1391(a) provides that civil action may only be brought in "(1) a judicial district

10   where any defendant resides, if all defendants reside in the same State, (2) a judicial district in

11   which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a

12   judicial district in which any defendant is subject to personal jurisdiction at the time the action is

13   commenced, if there is no district in which the action may otherwise be brought." 28 U.SC.

14   § 1391(a). This District is not an appropriate venue under any of these three prongs.

15   Defendant does not reside in California but does reside in Colorado, so the first and third

16   prongs are inapplicable. *See* Compl. ¶ 9. The second prong cannot be satisfied because the conduct

17   giving rise to Plaintiffs' claims—namely that Sovrn "tracks in real time and records indefinitely

18   the personal information and specific web activity of hundreds of millions of Americans" through

19   the use of the Lijit Pixel—occurred in Colorado, not California. Compl. ¶¶ 1, 54–55. The majority

20   of Sovrn employees who developed or implemented the Lijit Pixel are located in Colorado and

21   none are located in Northern California. Knapp Decl. ¶¶ 3–4. Therefore, Plaintiffs do not and cannot

22   show that "a substantial part of the events or omissions giving rise to the" claims occurred in

23   California. *See* 28 U.S.C. § 1391(b)(2).

24

### B.    **Alternatively, The Action Should be Transferred to the District of Colorado for the Convenience of Parties and Witnesses and in the Interest of Justice**

25

26   Section 1404(a) provides an independent basis for transfer to Colorado because (1) the

27   action could have been brought there, and (2) the convenience of parties and witnesses in the

28   interest of justice favors transfer. *See Hatch*, 758 F.2d at 414 (9th Cir. 1985). "Overall, the goal is

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   to have cases litigated in the venue that makes the most practical sense in terms of easing burdens

2   and costs at the pre-trial and trial stages." *Marshall v. Monster Bev. Corp*, No. 14-cv-02203-JD,

3   2014 WL 3870290, at *2 (N.D. Cal. Aug. 6, 2014). In this case, that venue is Colorado.

### 1.    This Action Could Have Been Brought in Colorado

5       Section 1404(a) authorizes transfer to a court where the action might have been brought. To

6   demonstrate that Plaintiffs could have brought this action in the United States District Court for the

7   District of Colorado, Sovrn "must show that the court would have subject matter jurisdiction over

8   the action, that venue would be proper, and that personal jurisdiction exists in that court." *Kelley v.*

9   *AW Distrib., Inc.*, 2021 WL 5414295, at *3 (N.D. Cal. Jan. 12, 2021).

10      First, the District of Colorado would have subject matter jurisdiction over this action under

11  the Class Action Fairness Act ("CAFA"), which is the basis for federal subject matter jurisdiction

12  pled in the complaint. Under CAFA, a federal court has subject matter jurisdiction of a putative

13  class action if the number of potential class members exceeds 100, at least one plaintiff and one

14  defendant are citizens of different states, and the amount in controversy exceeds the aggregate value

15  of $5,000,000. *See* 28 U.S.C. §§ 1332(d). Here, Sovrn resides in Colorado. Compl. ¶ 9. Plaintiffs

16  allege that the amount in controversy exceeds $5,000,000 and that "at least one member of the

17  proposed class is a citizen of a state different from at least one Defendant." Compl. ¶ 10.

18      Second, venue is proper in the District of Colorado because Sovrn, the only defendant,

19  resides there. 28 U.S.C. § 1391(a) (a civil action may only be brought in "a judicial district where

20  any defendant resides, if all defendants reside in the same State".).

21      Third, Sovrn is subject to personal jurisdiction in Colorado because it is headquartered

22  there. For corporations, general jurisdictions where the Defendant's principal place of business sits.

23  *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of

24  incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'"

25  (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011))).

### 2.    When Considered as a Whole the Relevant Public and Private Factors Weigh Heavily in Favor Transfer to the District of Colorado

28  When an action could have been brought in the potential transferee court, a district court

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

must decide whether transfer is appropriate. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1105–06 (N.D. Cal. 2001). Convenience of witnesses, plaintiffs' choice forum, cost of litigation in the two forums, ease of access to sources of proof, and relative court congestion all weigh in favor of transfer to the District of Colorado. The remaining factors are neutral or weigh in favor of transfer and thus, the interests of justice are best served by transferring this case to the District of Colorado.

a.     *Convenience to the Witnesses is Best Served by Transferring the Action to the District of Colorado*

The convenience of the witnesses is better served in the District of Colorado. "In determining the convenience of the witnesses, the Court must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum." *Gherebi v. Bush*, 352 F.3d 1278, 1304 n.33 (9th Cir. 2003). In assessing this factor, courts consider not only the number of witnesses located in the respective districts, but also the nature and quality of the witnesses' testimony with respect to the issues of the case. *Hawkins v. Gerber Prod. Co.*, 924 F. Supp. 2d 1208, 1215 (S.D. Cal. 2013). Courts have found that convenience of the defendant's witness is the single most important factor in deciding venue. *See Reynolds v. Centimark Corp.*, 2012 WL 5914870, at *3 (W.D. Wash. Nov. 16, 2012).

The District of Colorado will be more convenient for almost every witness—except for some of the Plaintiffs. Two Plaintiffs do not even reside in this District but in the Central and Southern Districts of California. *Id.* ¶¶ 5, 6. Plaintiffs' claims center on Sovrn's technology that was developed and implemented by Sovrn in Colorado. Knapp Decl. ¶¶ 3–4. Most of Sovrn's employees, including the majority of its current and former employees and its corporate officers and directors, personnel, offices and operations, and thus the bulk of its witnesses, are in Colorado. Knapp Decl. ¶ 3. None of Sovrn's employees or personnel is located within this District. *Id.* Accordingly, this factor should be decisive. *See e.g., Brown v. Newsom*, 2024 WL 2853978, at *2 (N.D. Cal. May 1, 2024) (transferring where important witnesses located in the transferee district.).

Nor is this venue convenient for non-party witnesses. "The convenience of non-party witnesses is often considered the most important factor for a motion to transfer." *Easton v. Wells Fargo & Co.*, 2020 WL 3639934, at *2 (N.D. Cal. July 6, 2020). Plaintiffs identify several "Pixel

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Partners" that implemented Sovrn's Lijit Pixel on their websites: (1) Buzzfeed; (2) Bon Appetit; (3) MindBloom; (4) Zillow; and (5) AliExpress. *See* Compl. ¶¶ 133–82. Plaintiffs do not allege that these companies are based in this District, and web searches suggest that none of them are.[1] The convenience of witnesses is served through transferring this matter to the District of Colorado.

b.      *Plaintiffs' Choice of Forum Is Entitled to Little or No Weight*

Plaintiffs' choice of forum weighs in favor of transfer. Though generally a plaintiff's choice of forum receives deference, in class actions plaintiff's choice of forum is often accorded less weight. That is especially true where, as here, Plaintiffs seek to certify a *nationwide class*. *Johnson v. Siemens Indus., Inc.*, 2023 WL 4686015, at *3 (N.D. Cal. July 21, 2023) ("That this is a putative class action also undermines the importance of plaintiff's choice of forum.") (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."); *see also Stone v. U.S. Sec. Assocs., Inc.*, 2015 WL 2438029, at *3 (N.D. Cal. May 21, 2015) ("When, as here, the plaintiff does not reside in the forum, none of the alleged operative facts with respect to the plaintiff's claims occurred in this district, and the plaintiff acts as a representative of a nationwide rather than a statewide class action, that choice 'is entitled to only minimal consideration.'"); *Roe v. Intellicorp Records, Inc.*, 2012 WL 3727323, at *3 (N.D. Cal. Aug. 27, 2012) (quoting *Lou*, 834 F.2d at 739). In part, the reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside within the district. *Roling v. E*Trade Sec.*, LLC, 756 F.Supp.2d 1179, 1185–86 (N.D. Cal. 2010); *Foster v. Nationwide Mut. Ins. Co.*, 2007 WL 4410408 at *2 (N.D. Cal. Dec. 14, 2007) ("Where forum-shopping is evident . . . courts should disregard plaintiff's choice of forum.").

Similarly, if the transactions giving rise to the action lack a significant connection to the

---

[1] *FAQs – Investor Relations*, Buzzfeed, https://www.bzfd.com/ir-resources/investor-faqs ("BuzzFeed, Inc's corporate headquarters are located at 229 W. 43rd St. New York, NY 10036."); Bon Appetit: The brand for people who eat, Conde Nast, https://advertising.condenast.com/brands/bon-appetit (providing corporate address at 1 World Trade Center, New York, New York); MindBloom, CB Insights, https://www.cbinsights.com/company/mindbloom-inc (providing "headquarters location" in Orlando, Florida); Zillow Group, https://www.zillowgroup.com/government-and-civil-information-requests (directing all subpoenas to address in Seattle, Washington); AliExpress, CrunchBase, https://www.crunchbase.com/organization/aliexpress ("AliExpress is located in Hangzhou, Zhejiang, China.").

Baker & Hostetler LLP
Attorneys at Law
San Francisco

7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    plaintiff's chosen forum, the plaintiff's choice of forum is given considerably less weight. *See Pac.*

2    *Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.1968) (a plaintiff's choice of forum

3    commands less consideration where the operative facts have not occurred within the forum and the

4    forum has no particular interest in the parties or subject matter): *see also Johnson*, 2023 WL

5    4686015, at *3 ("Where the plaintiff is not a forum resident, and the subject matter of the litigation

6    has no particular connection to the forum," plaintiff's choice of forum is entitled to little, if any,

7    deference.) (quoting *Fabus Corp. v. Asiana Exp. Corp.*, 2001 WL 253185, at * 1 (N.D. Cal. Mar.

8    5, 2001)). Here, while Plaintiffs are California residents, two of them do not reside in this District

9    and instead reside in Venice and San Diego, in the Central and Southern Districts. Compl. ¶¶ 4–8.

10   Moreover, Sovrn, the sole defendant, is located and headquartered in Colorado, and none of the

11   alleged operative facts with respect to Plaintiffs' claims occurred in this District. Additionally, most

12   of the members of the nationwide class are not residents of California. As such, Plaintiffs' choice

13   of forum is of little value, and should be disregarded for other factors in this analysis.

14             c.    *The Differences in the Cost of Litigation in the Two Forums Favors*

15                   *Transfer*

16          The difference in the costs of litigation in the two forums weighs in favor of transfer. This

17   is because, as described supra § IV.B(2)(a), the key witnesses on whom both parties will likely rely

18   in this case primarily reside and work in Colorado and will have to expend resources to appear in

19   California. Of the Plaintiffs, two reside outside this District, and another, Jane Doe, resides in

20   Milford, California, which is a 4–5 hour drive from San Francisco. As such, three of the five

21   Plaintiffs would have to travel to either venue and a transfer will not impose any greater burden on

22   Plaintiffs. Any prejudice to Plaintiffs is minimized by the fact that this is a putative class action.

23   *Mina v. Red Robin Int'l, Inc.*, 2020 WL 4037163, at *3 (C.D. Cal. Mar. 3, 2020); *see also Metz v.*

24   *U.S. Life Ins. Co. in N.Y.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) (Otero, J.) ("[E]ven though

25   Plaintiff argues that transfer will cause her undue prejudice, any prejudice to her is minimized by

26   the fact this is a class action suit."); *Luna v. Wal-Mart Transportation, LLC*, 2018 WL 3569357, at

27   *3 (C.D. Cal. July 11, 2018) ("Accordingly, the convenience of this forum to Plaintiff individually

28   is outweighed by its inconvenience to the other parties: the putative class as a whole and Defendant.

1   This factor thus weighs in favor of transfer[.]"). Therefore, this factor weighs in favor of transfer.

2                    d.      *The Ease of Access to Sources of Proof Heavily Favors Transfer*

3           There is greater ease of access to sources of proof in the District of Colorado, Sovrn's

4   principal place of business. *See Marshall*, 2014 WL 3870290, at *3 (granting motion to transfer

5   where all witnesses and defendant resided in transferee district); *Bride v. Snap Inc.*, 2021 WL

6   3493662, at *2 (N.D. Cal. Aug. 9, 2021) (same); *Coleman v. Mallinckrodt Enterprises LLC*, 2019

7   WL 1779574, at *1 (N.D. Cal. Apr. 23, 2019) (same). The majority of the relevant witnesses and

8   documents are in Colorado. Knapp Decl. ¶¶ 3–4, 6. Although the digital age has made access to

9   records easier, this factor still weighs in favor of transfer.

10                   e.      *The Relative Court Congestion and Time of Trial in Each Forum*
11                           *Weighs in Favor of Transfer*

12          Court congestion also weighs in favor of transfer. According to U.S. Courts statistics from

13  March 2025, the Northern District of California had 13,820 cases pending, and the District of

14  Colorado had 4,008 cases pending. *See* U.S. Dist. Courts—Combined Civ. & Crim. Fed. Ct. Mgmt.

15  Statistics,     https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0331.2025.

16  pdf (last visited June 30, 2025). The median time from filing to disposition is 20.5 months in the

17  Northern District of California, and 7.4 months in the District of Colorado. *Id*. When considering

18  the congestion factor, "[t]he real issue is not whether a dismissal will reduce a court's congestion

19  but whether a trial may be speedier in another court because of its less crowded docket." *Gates v.

20  Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984). Accordingly, this factor weighs in

21  favor of transfer. *See Vuori*, 2018 WL 1014633, at *20 (analyzing court statistics).

22                   f.      *The Remaining Factors Are Neutral or Favor Transfer*

23          The remaining factors that courts consider when assessing whether the interests of justice

24  favor transfer—including the location where relevant agreements were negotiated and executed,

25  the state that is most familiar with the governing law, the availability of compulsory process to

26  compel attendance of unwilling non-party witnesses, the respective parties' contacts with the

27  forum, contacts relating to the plaintiffs' causes of action in the chosen forum, and the local interest

28  in the controversy—either favor transfer to the District of Colorado or are neutral.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

First, because the Complaint in this case is not based on any contractual violation, the location of the negotiation and execution of relevant agreements factor neither favors nor disfavors transfer. *See Huntsman v. Sw. Airlines Co.*, 2019 WL 3254212, at *2 (N.D. Cal. July 19, 2019) (finding this factor is neutral where the complaint does not allege any relevant agreements at issue).

Second, the state that is most familiar with the governing law factor is neutral because "[f]ederal courts have an equal ability to address claims arising out of state law." *Vuori v. Grasshopper Cap. LLC*, 2018 WL 1014633, at *21 (N.D. Cal. Feb. 22, 2018) (citing *Bloom v. Express Servs., Inc.*, 2011 WL 1481402, at *5 (N.D. Cal. Apr. 19, 2011)). District courts regularly apply the law of states other than the forum state. Accordingly, "[t]his factor is to be accorded little weight . . . because federal courts are deemed capable of applying the substantive law of other states." *Id.* at *3 (quoting *Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246, 261 (E.D.N.Y. 2010)); *see also LaCross v. Knight Transportation, Inc.*, 95 F. Supp. 3d 1199, 1206 (C.D. Cal. 2015) (Bernal, J.) ("Federal courts in other states are 'fully capable of applying California law.'"). Plaintiffs may argue that because they have alleged some violations of California law and seek certification of a subclass of California plaintiffs, this Court's familiarity with California law could weigh somewhat against transfer, but this matters little in a nationwide class that also asserts claims under non-California laws. *Meza v. Procter & Gamble Co.*, 2023 WL 3267861, at *8 (C.D. Cal. Apr. 27, 2023). Thus, this factor is neutral.

Third, the availability of compulsory process to compel attendance of unwilling non-party witnesses factor is neutral. The compulsory process for attendance will likely not be a problem for either party as most witnesses are likely Sovrn employees or named Plaintiffs, and a federal judgment from this District or the District of Colorado is equally enforceable. Any non-party witnesses are likely in Colorado, so if anything, this factor weighs in favor of transfer.

Because the balance of factors weighs in favor of transfer and the interests of justice are best served by transferring this case, the Court should transfer the action to the District of Colorado.

**C.    Plaintiffs Fail to State a Claim Upon Which Relief Can Be Granted**

Should this Court decide to retain venue, it should still dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs have not stated a valid cause of action.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

### 1.    Plaintiffs Allege No Intrusion Upon Seclusion

A privacy claim under the California Constitution requires a showing of: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that amounts to a serious invasion of the protected privacy interest. *Hernandez v. Hillsides, Inc*. 47 Cal.4th 272, 286 (2009). Plaintiffs have not pleaded sufficient facts showing any intrusion upon their solitude, seclusion, private affairs, or concerns—courts have found similar data practices constitute "routine commercial behavior" and not a "highly offensive" or a serious intrusion of privacy. *See Low v. LinkedIn Corp*., 900 F.Supp.2d 1010, 1025 (N.D. Cal. 2012) (disclosure of users' browsing history to third parties not highly offensive); *In re Google, Inc. Privacy Pol'y Litig*., 58 F.Supp.3d 968, 988 (N.D. Cal. 2014) (collection and disclosure of users' browsing histories was not highly offensive); *In re iPhone Application Litig*., 844 F.Supp.2d 1040, 1060, 1063 (N.D. Cal. 2012) (disclosures of device ID number, personal data, and geolocation information without consent were not an egregious breach of social norms).

Apart from device and browser identifiers, which do not contain any information that could reasonably be called "private," Plaintiffs allege that Sovrn collected information about what properties on Zillow they viewed, what recipes on Bon Appetit they viewed, and so forth. Compl. ¶¶ 199–200, 226–27. Only "Jane Doe" alleges her browsing activity was sensitive, and only then because she believes it could reveal her unlawful use of ketamine. *See* Compl. at 2 n.1. Regardless, even if these allegations were true, there is nothing "highly offensive" about a website collecting information about its visitors and sharing it with third parties whose insights into that data, in the aggregate, allow the website to monetize its services through lawful advertising and other means.

*Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064 (N.D. Cal. 2023), is on point. In that case, plaintiffs brought similar claims against Meta in connection with its website pixel technology that collected much of the same information that Plaintiffs allege Sovrn has collected here. *See id.* at 1074. In dismissing privacy claim under the California Constitution, the court held that they failed to allege a protected privacy interest because they did not allege with particularity exactly "what specific, personal or private information they conveyed" to the websites that allegedly shared that information with Meta. *Id.* at 1081. The same is true here, and the same result should follow.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**2.      Plaintiffs Lack Statutory Standing Under CIPA**

CIPA provides a private right of action only for a "person **who has been injured** by a violation." Cal. Penal Code § 637.2 (emphasis added). Thus, to establish "statutory standing" for a violation of CIPA, Plaintiffs must allege a concrete and particularized injury. *See Heiting v. FKA Dist'g Co.*, 2025 WL 736594, at *2 (C.D. Cal. Feb. 3, 2025) (citing *Rodriguez v. Fountain9, Inc.*, 2024 WL 4905217 (L.A. Super. Ct. Nov. 21, 2024)).

Plaintiffs have not alleged such an injury. For the same reasons that Plaintiffs fail to plead an invasion of privacy claim, *see supra*, the information that they allege Sovrn collected is not "sufficiently personal or sensitive that its disclosure is harmful." *Rodriguez v. Autotrader.com, Inc.*, 762 F. Supp. 3d 921, 926–27 (C.D. Cal. 2025) (whether privacy injury can give standing depends on specific type of information disclosed and likely resulting harm). Although Plaintiffs allege that Sovrn "could deanonymize the data it collected," not one of them alleges specific facts showing it did. *E.g.*, *id.* ¶ 202. That is not sufficient to allege a concrete harm—if Sovrn did not deanonymize Plaintiffs' data (which it did not), then there is no privacy injury to speak of. *See Heiting*, 2025 WL 736594, at *3 (no standing without alleging "if she has any reason to believe that she was indeed de-anonymized"). The only "harm" Plaintiffs identify is that they were "served hyper-targeted advertisements." *Id.* ¶¶ 203, 213, 224, 239. That is not a cognizable injury to state a claim under CIPA. Their claims under this statute should be dismissed for that reason alone.

**3.      Plaintiffs' CIPA Eavesdropping Claim Fails**

CIPA § 631(a) prohibits a defendant from itself engaging in, or aiding another to engage in, one of three activities: (1) "intentional wiretapping," (2) "willfully attempting to learn the contents or meaning of a communication in transit over a wire," or (3) using or "attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *D'Angelo v. FCA US LLC*, 726 F. Supp. 3d 1179, 1196 (S.D. Cal. 2024) (citing *Tavernetti v. Super. Ct.*, 22 Cal. 3d 187, 192 (1978)). Plaintiffs' eavesdropping claim fails for two independent reasons.

First, the data Sovrn collected from Plaintiffs do not constitute the "contents or meaning of a communication." *Augustine v. Great Wolf Resorts, Inc.*, 2024 WL 3450967, at *5–6 (S.D. Cal. July 18, 2024) (allegation that tracker recorded keystrokes, credit card numbers, clicks and

movements were insufficient to allege interception of the contents of any communication). Plaintiffs allege that Sovrn collected device information, geographic information, and browsing activity. *See* Compl. ¶¶ 199–200, 215, 226–27, 236, 248. None of this information constitutes the "contents" of any communications Plaintiffs had with the specific websites they identify in the Complaint. *See Augustine*, 2024 WL 3450967, at *5–6.

Second, even taking Plaintiffs' allegations as true, the conclusory allegation in the Complaint that the Lijit pixel intercepted messages "in transit" or "in real time," Compl. ¶¶ 1, 147, 201, 287, are insufficient to state a claim under CIPA. *See Heiting v. Taro Pharma. USA, Inc.*, 2024 WL 1626114, at *9 (C.D. Cal. Apr. 2, 2024) (conclusory allegations that communications intercepted "in transit" do not suffice— "factual allegations regarding the method, or nature, of interception are required"); *accord Licea v. American Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1085 (C.D. Cal. 2023) ("Plaintiffs must provide more than conclusory allegations that messages were intercepted 'during transmission in real time.'"); *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1110–11 (C.D. Cal. 2023) (distinguishing "session replay" cases where embedded code "recorded in real time a visitor's every move on a website"). Without specific facts describing how Sovrn intercepts communications in transit, Plaintiffs have failed to state an eavesdropping claim.

### 4.    Plaintiffs' CIPA Pen Register/Trap and Trace Device Claim Fails

Under CIPA, "pen registers" or "trap and trace devices" are devices or process that record incoming or outgoing "dialing, routing, addressing, or signaling information." Cal. Penal Code § 638.51. A growing number of California courts have held that website pixels of the sort at issue here do not constitute "pen registers" or "trap and trace devices" within the meaning of CIPA. *See, e.g.*, *Licea v. Hickory Farms LLC*, 2024 WL 1698147, at *4 (L.A. Super. Ct. Mar. 13, 2024) (finding "public policy strongly disputes Plaintiff's potential interpretation of privacy laws as one rendering every single entity voluntarily visited by a potential plaintiff, thereby providing an IP address for purposes of connecting the website, as a violator"); *Sanchez v. Cars.com*, 2025 WL 487194 (L.A. Super. Ct. Jan. 27, 2025) (routine web tracker that collected device information not "pen register" under CIPA); *Aviles v. Liveramp, Inc.*, 2025 WL 487196 (L.A. Super. Ct. Feb. 4, 2025) (tracking beacon that collects IP addresses and device information is not a "pen register" or

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

"trap and trace device" under CIPA), *tentative adopted*, 2025 WL 487199.

As explained by the court in *Sanchez v. Cars.com*, "the legislative history of the CIPA suggests that 'pen register' and '[trap] and trace devices' refer to devices or processes that are used to record or decode dialing, routing, addressing, or signaling information from telephone numbers, and not internet communications such as website." 2025 WL 487194, at *3. "In enacting Assembly Bill 929 [in 2015—after the Internet and web tracking technology was developed], the California Legislature adopted the same authorization provision in CIPA section 638.52 that courts have relied on under the federal Pen Register Act to find that the Act applied only to mechanical, telephone number-tracing technology, not technology used to collect the IP address from a desktop computer." *Id.* For these reasons, Plaintiffs' claim that Sovrn's Lijit pixel is a pen register or trap and trace device fails.

### 5.    Plaintiffs' Claim under the ECPA Fails

A claim under the ECPA "requires a showing that the defendant (1) intentionally (2) intercepted, endeavored to intercept[,] or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device." *See In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 844 (N.D. Cal. 2017) (internal quotation marks omitted). For the same reasons that Plaintiffs' eavesdropping claim under CIPA fails, Plaintiffs have not pleaded facts showing that the "contents" of any communications were disclosed to Sovrn for purposes of their ECPA claim. *See In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106–07 (9th Cir. 2014) (in the ECPA "the term 'contents' refers to the intended message conveyed by the communication and does not include record information regarding the characteristics of the message that is generated in the course of the communication" such as a name, address, or the identity of a subscriber or customer); *Facebook Internet Tracking Litig.*, 140 F. Supp. 3d at 935 (the court held that a URL sent to Meta by a user's browser does not qualify as "contents" of a "communication" under the ECPA because it is nothing more than "record information regarding the characteristics of the message that is generated in the course of the communication.'"); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 225 (3d Cir. 2011) (rejecting allegations that the defendant "regularly and unlawfully shared highly confidential information" as conclusory in nature).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

### 6. Plaintiffs Do Not Allege Unjust Enrichment

"To allege unjust enrichment as an independent cause of action, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016). Plaintiffs' unjust enrichment fails for two reasons: First, equitable relief is not available where Plaintiffs' remedies at law would be adequate. *See In re Ford Tailgate Litig.*, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014) (dismissing certain equitable relief claims and noting that where an equitable relief claim "relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action"). Plaintiffs assert multiple causes of action that afford legal remedies, which is a concession that those remedies at law would be adequate. Second, Plaintiffs have failed to adequately allege they "retain[ed] a stake in the profits garnered from" Sovrn's alleged collection, use, and disclosure of information. *See Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1191 (N.D. Cal. 2020) (dismissing claim for equitable relief where plaintiffs were unable to make any allegation that "they retain a stake in the profits garnered from" the collection of their IP addresses, "as to which they had no legally protected privacy interest"); *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 946 (N.D. Cal. 2023) (no claim for unjust enrichment where plaintiffs neither expended their own resources nor experienced devaluation to their property as the result of defendant's data collection). Plaintiffs have not alleged any loss of money resulting from Sovrn's data collection, and they have not alleged that they personally expended resources or experienced a devaluation of their property as a result of this data collection. Restitution for unjust enrichment is not available, and this claim should be dismissed.

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, this Court should dismiss the case for lack of venue, or in the alternative transfer venue to the U.S. Court for the District of Colorado. Should this Court decide to retain venue, the Court should dismiss the Complaint for failure to state a claim.

Respectfully submitted,

Dated: July 7, 2025

**BAKER & HOSTETLER LLP**
*/s/ Jason A. Orr*
Jason A. Orr

Paul Karlsgodt
Chardaie C. Charlemagne
*Attorneys for Defendant*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO